James HILL, Jr., Plaintiff Below, Appellant,

v.

Richard P. DuSHUTTLE, M.D., Richard P. DuShuttle, M.D., P.A., Kahn Professional Properties, LLC, Ronald Kahn, Dover Medical Center Condominium Association of Owners, Inc., William M. Kaplan, M.D., Central Delaware Gastroenterology Associates, P.A., and Central Delaware Endoscopy, Defendants Below, Appellees.

No. 381, 2011.

Supreme Court of Delaware.

Submitted: Oct. 10, 2012.

Decided: Jan. 2, 2013.

Nicholas H. Rodriguez, Esquire (argued), Schmittinger & Rodriguez, P.A., Dover, Delaware, and Ben T. Castle, Esquire, Hudson & Castle Law, LLC, Wilmington, Delaware for Appellant.

Philip T. Edwards, Esquire, Murphy & Landon, Wilmington, Delaware for Appellees Richard P. DuShuttle, M.D., Richard P. DuShuttle, M.D., P.A., Kahn Professional Properties, LLC, Ronald Kahn, Dover Medical Center Condominium Association of Owners, Inc.

Sandra F. Clark, Esquire (argued), Reger Rizzo & Darnall, LLP, Wilmington, Delaware for Appellees William M. Kaplan, M.D., Central Delaware Gastroenterology Associates, P.A., and Central Delaware Endoscopy.

Before STEELE, Chief Justice, BERGER, Justice and NOBLE, Vice Chancellor *.

BERGER, Justice:

In this appeal we consider whether the Superior Court abused its discretion by dismissing a "trip and fall" case because

---

* Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

appellant failed to file an expert report. Appellant's counsel did provide medical records, but insisted that a formal expert report was unnecessary because such a report would provide no additional information. Counsel's stubborn refusal to appreciate that an expert report had to be filed is difficult to understand. But the sanction of dismissal was inappropriate under the circumstances. The claim appeared to have merit; there was time to submit the report without impacting the trial date; and the trial court had not imposed lesser sanctions that were ignored. Accordingly, we reverse.

### Factual and Procedural Background

James Hill, Jr. injured his left knee when he stepped in a pothole in a parking lot that was owned and managed by Dover Medical Center Condominium Association of Owners, Inc., Ronald Kahn, Richard P. DuShuttle, M.D., William M. Kaplan, M.D., and related professional organizations (collectively, Medical Center). Hill suffered a meniscus tear that required surgery and physical therapy rehabilitation. In May 2010, Hill filed suit, claiming that the Medical Center failed to maintain a safe place of business, failed to warn business invitees of a dangerous condition, and failed to correct a dangerous condition.

In December 2010, the Superior Court entered a Trial Scheduling Order. It set discovery and other deadlines and scheduled a three day trial to begin on December 5, 2011. The order required Hill to provide expert reports by February 22, 2011. On that date Hill sent the Medical Center an email:

Phil, this is the date to id. experts. The only experts for plaintiff are treating physicians who will testify consistent with their treating records, which you have.... [1]

The Medical Center replied:

\* . \* \*

As for your expert disclosures, please accept this email as notice of defendants' position that your expert disclosure is deficient and not in compliance with Superior Court Civil Rule 26.... Defendants request plaintiff ... provide the expert's identity, the expert's qualifications, the expert's opinions and the bases for those opinions as soon as possible.... [2]

Within minutes, Hill agreed:

OK you win. 2 weeks works and I'll go through the exercise but you won't learn anything new.[3]

Despite Hill's apparent agreement to provide the report, he did nothing. On March 10, 2011, the Medical Center filed a motion to compel. The motion asked that Hill be ordered to provide the discovery in seven days. On March 28, 2011, after hearing nothing from Hill, the trial court entered an order requiring that the expert disclosures be provided within seven days. The order also stated that, if Hill failed to comply, he would be barred from providing expert testimony at trial. Somewhat surprisingly, the order extended the Medical Center's expert discovery deadline until July 3, 2011, "if expert disclosures are not produced by April 8, 2011." [4] The quoted language was the trial court's hand written insertion in the form of order submitted by the Medical Center.

Hill did not comply with that order. On April 29, 2011, the Medical Center filed a motion to preclude Hill's expert testimony

---

1. Appellant's Appendix, A–51.

2. Appellant's Appendix, A–50.

3. *Ibid.*

4. Appellant's Appendix, A–37.

at trial and to dismiss. Hill responded, arguing that this case is not complicated, and that he would not be presenting an expert on liability. He also argued that the Medical Center has never questioned Hill's injury or the cause of the injury. The Superior Court granted both the motion to exclude expert testimony and the motion to dismiss. This appeal followed.

## Discussion

Hill's counsel did his client a great disservice. Counsel is an experienced personal injury trial lawyer, who correctly sized up the case as "straight forward." Counsel provided Hill's medical records to the Medical Center, and considered the matter of expert disclosures finished. But the Medical Center insisted on disclosure of the expert's identity, qualifications, opinions, and the bases for those opinions.[5] Instead of having the expert draft a one page report that would expressly address each of those matters, counsel for Hill ignored both the Medical Center's informal request, and the trial court's order granting the Medical Center's motion to compel. Apparently, it took a motion to preclude expert testimony and to dismiss to get counsel's attention.

At the argument on the Medical Center's motion to preclude and dismiss, counsel for Hill argued, in essence, that causation is a non-issue. Hill stepped into a pothole and twisted his knee. The medical records establish the extent of Hill's injuries, and there is nothing more to disclose. According to counsel, "any experienced litigator looking at this medical record is going to realize exactly what this case is all about."[6] Counsel's failure to respond to

the motion to compel, as well as his approach to the pending motions, may be explained by the fact that counsel expected to work this out without court intervention. He said, "[i]n my experience I just never end up fussing about things like this in these types of cases, but I'm learning some lessons."[7] Since the court thought expert disclosures were worth "fussing about," counsel asked for permission to elaborate on the materials already provided:

Counsel for Hill:

> Well, if what I've provided to the Court is not satisfactory ..., then in the overall interest of justice and accomplishing a fair result for the plaintiff I would certainly ask that the Court permit me to elaborate on what's contained in this medical record....

The Court:

> What do you mean by elaborate?

Counsel for Hill:

> I don't know right now, because the language I suppose could be turned around a little bit and made more explicit. But there isn't going to be any new information that's meaningful to anybody.[8]

The trial court concluded, from these and similar statements, that "counsel declined the Court's potential invitation for additional time to produce an expert's opinion to the effect that Defendants' alleged negligence caused the instant injuries...."[9]

In *Drejka v. Hitchens Tire Service*,[10] this Court addressed a similar fact pattern and held it was an abuse of discretion to preclude expert testimony and dismiss the

---

5. *See:* Super. Ct. Civil R. 26.

6. Appellant's Appendix, A–66.

7. *Ibid.*

8. Appellant's Appendix, A–67.

9. *Hill v. DuShuttle, et al.,* 2011 WL 2623349 at *3 (Del.Super.).

10. 15 A.3d 1221 (Del.2010).

action. Drejka was injured when a wheel fell off a concrete truck and struck her car. A trial scheduling order required Drejka to file her expert report by January 16, 2009. The report was not filed until May 5, 2009, although Drejka's medical records had been produced long before the discovery deadlines. The trial court excluded the expert report, finding that the two months remaining before trial would not give Hitchens time to rebut the expert's report or adequately prepare for cross-examination.

In reversing, this Court noted that the sanction of dismissal should be imposed only as a last resort. The Court reviewed the manner in which the trial court balanced six factors: (1) the party's personal responsibility; (2) the prejudice to the opposing party; (3) the history of delay; (4) whether the party's conduct was willful or in bad faith; (5) the effectiveness of lesser sanctions; and (6) the meritoriousness of the claim. Drejka had a meritorious claim; there was no evidence of bad faith; she was not personally responsible for her attorney's delay; there was time for the opposing party to complete discovery; and no lesser sanctions had been imposed. Drejka had a history of delay, but that factor, alone, did not justify imposition of the most severe sanction available to the trial court.

The trial court acknowledged "certain potential similarities between *Drejka* and the instant case." [11] Hill, himself, was not responsible for the delay, and there was sufficient time remaining before the trial date to complete discovery. No lesser sanctions had been imposed, and counsel had not acted in bad faith. Although the court never mentioned the meritoriousness of the claim, the record supports such a finding.

These factors all militate against dismissal. But the trial court concluded that, "under the circumstances" dismissal was the appropriate sanction. The trial court focused on three factors in reaching its decision. First, counsel consciously disregarded the trial scheduling order and the later deadline imposed when the court granted the Medical Center's motion to compel. Second, counsel would not commit to the court that he would supply an expert report. Third, counsel's conduct should be severely sanctioned as a deterrent to others.

This Court agrees that counsel's conduct was unacceptable. Even if he truly believed (mistakenly) that nothing more than medical records were required to satisfy Rule 26(b)(4), that belief did not give him license to ignore court orders. Counsel should be severely sanctioned—but the case should not have been dismissed. The trial court found that sanctions other than dismissal would not be effective. It based that finding on its conclusion that counsel would refuse to submit an expert report under any circumstances. That conclusion is not supported by the record. Counsel told the court that he would provide something "more explicit" if the alternative was that the case would be dismissed. But he said that the report would not provide any new information that would be meaningful. In other words, counsel was prepared to put together a formal report that would accomplish nothing, if that was required.

This Court readily understands the trial court's frustration over counsel's cavalier attitude. Whether it would provide more information or not, a formal report is required under the rules and the trial court ordered that a report be produced. Counsel for Hill wasted everyone's time, and should be personally sanctioned. The trial

11. *Hill v. DuShuttle, et al.,* 2011 WL 2623349     at *5 (Del.Super.).

court did not use sanctions before dismissing the case, and the record does not support a conclusion that sanctions would have been ineffective. In sum, the *Drejka* factors demonstrate that dismissal was not warranted.

## Conclusion

Based on the foregoing, the judgment of the Superior Court is reversed and this matter is remanded for further action in accordance with this opinion. Jurisdiction is not retained.