# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

CAROLE M. DIAZ, WALTER K. HARTLINE, and DOROTHY E. JOHNSON,

Plaintiffs,

v.

DENNIS C. MALARKEY,

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No: K12C-07-010 RBY

*Submitted: May 28, 2015*
*Decided: June 3, 2015*

***Upon Consideration of Defendant's
Motion in Limine
DENIED***

## ORDER

I. Barry Guerke, Esquire, Parkowski, Guerke & Swayze, P.A., Dover, Delaware for Plaintiffs.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall, LLP, Wilmington, Delaware for Defendant.

Young, J.

**DECISION**

On July 10, 2010, Carole Diaz ("Plaintiff Diaz"), Dorothy Johnson ("Plaintiff Johnson" and together with Plaintiff Diaz "Plaintiffs") and Dennis Malarkey ("Defendant") were involved in an automobile collision at the intersection of U.S. Route 13 and Big Oak Road in Smyrna, Delaware. Plaintiff Diaz was a passenger in a car operated by Plaintiff Johnson, that was allegedly negligently impacted by Defendant's vehicle. By their Complaint filed on July 9, 2012, Plaintiffs seek to recover damages against Defendant for injuries sustained in the crash. In addition, Plaintiff Diaz's husband, Walter K. Hartline, seeks recovery for loss of consortium, following his wife's purported injuries.

As per the scheduling order, discovery ended in this case on March 24, 2015. Within this allotted time period, Plaintiff Diaz disclosed both lay witnesses and expert witnesses to Defendant. By his motion in limine, Defendant moves to exclude the testimonies of some of Plaintiff Diaz's witnesses.

Defendant's motion in limine is presented in two parts. The first addresses the expected testimonies of Plaintiff Diaz lay witnesses. The second concerns the testimony of Plaintiff Diaz expert witness, Dr. David T. Sowa, M.D. ("Dr. Sowa"). It is Defendant's position that both these testimonies should not be admitted into evidence.

As regards Defendant's first contention relating to the timing of lay witness identification, a scheduling adjustment is available, if desired by either side. Defendant's primary objection is that Plaintiff Diaz did not disclose her list of lay witnesses until the discovery deadline on March 24, 2015. Defendant claims he is prejudiced by what he considers gamesmanship, as Defendant did not have time to

depose said lay witnesses. Plaintiff Diaz asserts that she attempted to remedy this supposed tardiness, with an offer to extend the discovery deadline. On the record at hand, it is unclear if Defendant acknowledged or considered this offer.

Whatever the case may be, this Court is amendable to an extension of both the discovery timeline, as well as the date of the impending July 27, 2015 trial, if Defendant desires it, in order to accommodate Defendant's concerns. The parties, including the Plaintiffs not involved in the present briefing, are to inform the Court of their desire for, or opposition to, any deadline extensions. However, the Court will not preclude the expected testimonies of Plaintiff Diaz's lay witnesses, based solely upon this scheduling issue. Defendant's motion with regard to the lay witnesses is **DENIED**.

Defendant's remaining motion in limine deals with the expert testimony of Dr. Sowa. According to Defendant, Plaintiff Diaz never submitted an expert report from Dr. Sowa. Citing to the Delaware Supreme Court's opinion in *Hill v. DuShuttle,* Defendant avers that expert witnesses must prepare expert reports, in order for their testimonies to be admissible.[1] Although Defendant's recitation of this legal principle is accurate, his assertion that Dr. Sowa did not provide an expert report with respect to Plaintiff Diaz's purported injuries is not. Attached to Plaintiff Diaz's opposition to Defendant's motion, is a document entitled "Office Note," wherein Dr. Sowa opines on Plaintiff Diaz's medical condition.[2] In fairness, Defendant did not have the opportunity to respond to this attachment. However, the "Office Note" suffices as the

---

[1]  58 A.3d 403 (Del. 2013).

[2]  *See* Ex. 1 to Plaintiff Diaz's Opposition to Defendant's Motion in Limine.

expert report Defendant claims is missing. If Defendant wishes to challenge the relevancy or reliability of Dr. Sowa's "Office Note," he is free to do so by a subsequent motion. As it presently stands, however, Dr. Sowa's "Office Note" suffices as a necessary report, the four corners of which limit his testimony. Defendant's motion in limine regarding Dr. Sowa is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion in limine. In accordance with this Opinion, the parties are to alert this Court of any desired scheduling revisions.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
       Opinion Distribution