**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

February 27, 2017

Lawrence Spiller Kimmel, Esq.
Brian S. Legum, Esq.
Kimmel, Carter, Roman,
Peltz & O'Neill, P.A.
P.O. Box 8149
Newark, DE 19714

Arthur D. Kuhl, Esq.
Brandywine Plaza East
1523 Concord Pike
Suite 200
Wilmington, DE 19803

Re: *K'Lynne A. Winn v. Charles O. Clements*
*Case No.: N15C-01-124 VLM*

Dear Counsel:

Trial in this case is scheduled for March 13, 2017. Defendant asks this Court to dismiss the case because Plaintiff did not submit an expert report. For the reasons stated below, Defendant's Motion for Summary Judgment Due to Lack of Medical Expert Opinion is **DENIED**. Defendant's reliance and request to dismiss under *Hill v. DuShuttle*[1] not only unduly broadens the scope of that decision, but the rationale for dismissal runs counter to its holding.

### Relevant Factual and Procedural Background

This is a personal injury claim involving two motor vehicle accidents that

---

[1] 58 A.3d 403 (Del. 2013).

occurred on February 9, 2013 and February 11, 2013.[2] The Court issued a trial scheduling order in this case on July 15, 2016. The deadline for "Plaintiff's expert reports (or Rule 26(b)(4) disclosures)" was August 31, 2016. On August 2, 2016, Plaintiff's counsel emailed Defendant's counsel in relevant part as follows:

> I am not sure if you received a 26(b) expert disclosure from me yet in this case. If not, see below:
>
> Dr. Conrad King will testify on behalf of K'Lynne Winn and the injuries she sustained in a motor vehicle accident ["MVA"] on 2/9/13.
>
> Dr. King will testify consistent with his medical records that pre-date and post-date the 2/9/13 MVA.
>
> Dr. King will testify that Ms. Winn sustained injuries to her neck, low back, and her body went into contractions (she was pregnant at the time of the accident) as a result of the 2/9/13 MVA.
>
> Dr. King will testify that the medical treatment from 2/9/13 through 2015 has all been reasonable, necessary, and causally related to the 2/9/13 MVA.
>
> Dr. King will testify that he is familiar with the treatment and injuries (if any) that Ms. Winn received as a result of the 7/18/11 MVA, 2/11/13 MVA, and 4/11/16 MVA.
>
> Dr. King will testify that the below medical bills are all reasonable, necessary, and causally related to the 2/9/13 MVA: [listed in email].
>
> All of Dr. King's testimony will be given within a reasonable degree of medical probability.

---

[2] Plaintiff K'Lynne Winn settled her claims with respect to the February 11, 2013 accident. Plaintiff Billy Winn, after filing suit in this consolidated action, stipulated to dismissal of his claims on December 29, 2016. All that remains before the Court is Plaintiff K'Lynne Winn's claim regarding the February 9, 2013 accident against Defendant Charles Clements.

Please let me know if you have any additional questions.[3]

On December 2, 2016, three months after the deadline for Plaintiff's expert disclosures, Defendant filed this Motion for Summary Judgment. His brief in support of the Motion was filed on the same day. Plaintiff responded on January 27, 2017. Defendant's Reply Brief was filed on February 7, 2017. Oral arguments were heard on February 24, 2017, and the matter is ripe for review.

## Contentions of the Parties

Defendant's Motion turns on a very narrow issue of law: whether Plaintiff's expert disclosure, outlined in the above email, suffices to meet Plaintiff's obligation under Rule 26(b)(4)(A). Defendant argues that the email alone is fatal to Plaintiff's case as it does not suffice for Plaintiff to meet his *prima facie* burden at trial regarding causation and damages.

In support, Defendant contends that *Hill v. DuShuttle* settled the issue of whether a plaintiff must produce a medical expert report in a personal injury case. Specifically, Defendant relies heavily on the Supreme Court's language that a "formal report is required under the rules. . . ."[4] Defendant further argues that this holding now supersedes any trial scheduling order that permits expert disclosures under Rule 26. Defendant cites three post-*Hill* decisions and one pre-*Hill* decision in support of his Motion: *Diaz v. Malarkey*,[5] *Watunya v. Siena*,[6] *Dixon v. Batson*,[7] and *Duncan v. O.A. Newton & Sons Co.*[8]

---

[3] *See* Defendant's Motion at Exhibit B; Plaintiff's Response at Exhibit A. Between August 2, 2016 and August 4, 2016, counsel for both parties engaged in email correspondence regarding the sufficiency of the August 2, 2016 email disclosure. Plaintiff supplied additional information regarding Dr. King's proposed testimony in an email to Defense counsel the same evening of the August 2, 2016 disclosure. *See* Plaintiff's Response at Exhibit A (attaching emails). The parties reached an impasse on the issue and this Motion was filed on December 2, 2016.

[4] Defendant's Motion at 3 (quoting *Hill*, 58 A.3d at 406).

[5] 2015 WL 3508064 (Del. Super. June 3, 2015).

[6] 2014 WL 4249677 (Del. Super. Aug. 27, 2014).

[7] 2015 WL 4594159 (Del. Super. July 30, 2015).

[8] 2006 WL 2329378 (Del. Super. July 27, 2006).

Plaintiff argues that dismissal is not warranted where the expert disclosure fully complies with this Court's trial scheduling order and Rule 26(b)(4)(A). Moreover, Plaintiff disagrees with Defendant's position that *Hill* mandates an expert report in all personal injury cases, and contends that the case law in support of dismissal is distinguishable from this case.

## Standard of Review

The burden of proof on a motion for summary judgment falls on the moving party to demonstrate that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[10] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[11] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[12]

## Discussion

Rule 26(b)(4)(A) permits discovery of otherwise discoverable material made in anticipation of trial in the following manner:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the

---

[9] DEL. SUPER. CT. CIV. R. 56(c).

[10] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3-4 (Del. 1995) (TABLE). *See also* Rule 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[11] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).

[12] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Palmer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

4

Court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this Rule, concerning fees and expenses as the Court may deem appropriate.[13]

Defendant seeks to have this Court interpret *Hill* to require expert reports in all personal injury cases. In *Hill*, the Supreme Court reversed the dismissal of a personal injury case where the plaintiff failed to file an expert report according to the Superior Court's trial scheduling order and multiple subsequent orders compelling him to produce a formal report.[14] The Supreme Court held that the lower court abused its discretion when it issued the sanction of dismissal for failure to file a medical expert report. Yet, interestingly, the Defendant seeks the sanction of dismissal here.

Plaintiff's counsel in *Hill* wrote an email to defense counsel stating simply that counsel would rely on the plaintiff's treating physicians as experts and they would testify consistent with their records that had already been produced to defense counsel.[15] That email was sent on the deadline for expert medical disclosures according to the trial scheduling order.[16] The defendant immediately notified the plaintiff that it treated the disclosure as insufficient without information of the experts' "identity, . . . qualifications, . . . opinions and the bases for those opinions. . . ."[17] Plaintiff stated he would "go through the exercise," but explained to counsel in his email response that he "won't learn anything new" by way of a formal disclosure.[18] Plaintiff's counsel never provided the formal disclosure, *despite the trial court's entry of orders compelling counsel to produce the same.*[19]

---

[13] DEL. SUPER. CT. CIV. R. 26(b)(4)(A).

[14] *See generally Hill v. DuShuttle*, 58 A.3d 403 (Del. 2013).

[15] *See id.* at 404.

[16] *See id.*

[17] *Id.*

[18] *Id.*

[19] *See id.* at 404-05.

Quite different from *Hill*, the expert report in this case recites Dr. King's identity and opinions regarding Plaintiff's inquiries as it relates the motor vehicle accident. Moreover, in *Hill*, counsel openly defied the trial court's orders to produce a formal report. Additionally, plaintiff counsel's email disclosure in *Hill* came on the final day of the deadline. Here, the disclosure came approximately one month before the deadline and Defense counsel never filed a motion to compel a more formal disclosure.

Importantly, Defendant gloms on to one sentence in the final paragraph of *Hill*'s discussion section: "Whether it would provide more information or not, a *formal report is required under the rules* and the trial court ordered that a report be produced."[20] This Court finds that Defendant places too much emphasis on the first part of this sentence and not enough on the second portion—a reading that distorts the holding in *Hill*. The Court in *Hill* was far more concerned with the issue of whether the sanction of dismissal was appropriate in light of counsel's "cavalier" attitude.[21] The use of the word "formal" appears to distinguish what is expected under the rules from the barebones nature of the email counsel initially provided in *Hill*. Given cases that postdate *Hill*, it does not stand that the Supreme Court meant to impose a requirement under Rule 26(b)(4)(A) that an expert must author a formal report in all instances even where the trial scheduling order does not impose such a requirement.

For example, in *Watunya v. Siena*, the Court granted the defendant-insurer's motion to preclude the testimony of the plaintiff's treating physicians and experts in a personal injury suit.[22] That relief was given to the defendant where plaintiff's counsel never "provided expert reports or otherwise explained the basis for their expert opinions so that the defense can prepare for their testimony in court."[23] Beyond a cursory identification of the physicians in responses to interrogatories, plaintiff's counsel failed to disclose any additional information on their expected testimony.[24]

---

[20] *Id.* at 406 (emphasis added).

[21] *Id.* ("counsel's cavalier attitude").

[22] 2014 WL 4249677 (Del. Super. Aug. 27, 2014).

[23] *Id.* at *1.

[24] *See id.*

The Court in *Watunya* never cited *Hill*.[25] Instead, it relied on *Duncan* and *Sammons* to hold that Plaintiff had a duty to provide an expert disclosure pursuant to Rule 26(b)(4)(A) beyond simply identifying their names in an interrogatory answer or relying on their opinions as contained in the medical records.[26] The *Wantuya* Court was primarily focused on the concept of notice: "It is not reasonable to require Defendants' counsel to go on a wild goose chase with Plaintiff's experts or to depose Plaintiff's experts without the benefit of having the opinions and the medical or scientific reasoning for those opinions."[27] In fact, plaintiff's counsel had provided a report for one expert, but failed to do so for the other experts.[28] Here, Defendant has been provided fair notice of Dr. King's opinions. This case is, therefore, distinguishable from the facts of *Watunya*.

In *Diaz v. Malarkey*, the Court rejected the same argument that *Hill* required a formal expert report.[29] Also a personal injury suit, plaintiff's medical expert in *Diaz* created an "Office Note" wherein the medical expert "opine[d] on Plaintiff Diaz's medical condition."[30] The Court held that the Office Note sufficed to meet the requirements under Rule 26(b)(4)(A) notwithstanding the fact that plaintiff's counsel attached the Note for the first time in his opposition to the motion to preclude his expert.[31] In the present case, the same defense counsel is essentially attempting to argue the application of the principle he garners from *Hill* exactly as he did—unsuccessfully—in *Diaz*. Although defense counsel suggested that the trial court mandated a "report" in that case, this Court finds that *Diaz* demonstrates instead that an expert report may come from less-formal sources, such as an office note.

---

[25] *See generally id.*

[26] *See id.* at *1 (citing *Sammons v. Doctors For Emergency Servs., P.A.*, 913 A.2d 519 (Del. 2006); *Duncan v. O.A. Newton & Sons Co.*, 2006 WL 2329378 (Del. Super. July 27, 2013)).

[27] *Id.* (quoting *Sammons*, 913 A.2d at 529).

[28] *See id.* at *2.

[29] 2015 WL 3508064 (Del. Super. June 3, 2015).

[30] *Id.* at *1.

[31] *See id.*

*Dixon v. Batson* is cited as Defendant's best case in support of his position.[32] But, even this case is distinguishable from the present case. The *Dixon* Court did not dismiss but instead ordered the plaintiff to "augment" his expert disclosure for three treating physicians named as medical experts.[33] The *Dixon* Court held that the disclosures were insufficient under Rule 26(b)(4)(A). The disclosures, made through a series of discovery responses, failed to state bases for the experts' opinions, and were recited in identical fashion for each expert.[34] The Court outlined the boilerplate nature of the discovery responses in *Dixon*, identifying three problems with the disclosures: (1) there lacked any bases for each expert's opinion; (2) the "pro forma, and identical recitation of the substance of each experts' projected testimony" would cause the defendant to go on a "wild goose chase;" and (3) "of great significance, is that the 'disclosures' are not from the expert at all."[35] The Court required the plaintiff submit a revised disclosure for each expert; however, the Court did not require that the experts' themselves submit the disclosures, calling the latter option "optimal," but not necessarily required.[36]

*Dixon* is distinguishable in a few respects. The focus in *Dixon* was specificity. Here, there has been no boilerplate recitation of the expert's opinions and the opinions of Dr. King are clearly set out. Therefore, *Dixon* is less persuasive than Defendant posits.

Rule 26(b)(4)(A) requires disclosure of the *identity* of the expert, his/her *opinion,* and the *bases* for those opinions. These must be stated in such a manner that the other side has adequate notice of the expert's expected testimony. This Court finds that Plaintiff's Rule 26(b)(4)(A) disclosure is sufficient to properly place Defendant on notice regarding the identity of the expert, his opinion, and the basis of his opinion with sufficient specificity regarding the casual relationship between Plaintiff's injuries and the motor vehicle accident in question. As such,

---

[32] 2015 WL 4594159 (Del. Super. July 30, 2015).

[33] *See id.* at *1.

[34] *See generally id.*

[35] *Id.* at *3-4.

[36] *See id.*

8

Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Sincerely,

Vivian L. Medinilla
Judge