# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SCOTT STEPHENSON and )
DANIELLE STEPHENSON )
Individually and as Guardian ad )
Litem for her Minor Daughters, )
AVA STEPHENSON, and )
LILLIAN STEPHENSON, ) C.A. No. N17C-06-383 CLS
)
Plaintiffs, )
)
v. )
)
BIG OAKS TRAILER PARK, INC., )
d/b/a BIG OAKS CAMPGROUND, )
and BOYER'S TREE SERVICE )
)
Defendants. )

Date Submitted: June 14, 2019
Date Decided: September 10, 2019

*Upon Defendant Big Oaks Trailer Park Inc.'s*
*Motion in Limine to Exclude the Testimony of*
*Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair*
**Denied.**
*Upon Defendant Big Oak Trailer Park Inc.'s*
*Motion for Summary Judgment*
**Denied.**

Sean P. Gambogi, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, Newark, Delaware, Attorney for Plaintiffs.

Michael I. Silverman, Esquire and Adrienne M. McDonald, Esquire, Wilmington, Delaware, Attorney for Defendants.

**Scott, J.**

## Background

Plaintiffs Scott and Danielle Stephenson bring this personal injury claim on behalf of themselves and their minor daughters, Ava and Lillian Stephenson, against Defendants Big Oaks Trailer Park, Inc. and Boyer's Tree Service.

On July 3, 2015 Scott, Danielle, Ava, and Lillian Stephenson were camping at campsite PV-1 on the property of Big Oaks Campground. Plaintiffs allege that on or about 9:30 pm on July 3, 2015, a large tree limb from an oak tree near campsite PV-1 broke and fell into the Stephenson family's campground, bringing smaller tree limbs from a nearby hickory tree down with it. Plaintiffs allege that they were hit by some of the falling tree limbs and suffered physical and mental injuries as a result.

Plaintiffs allege that Defendant Big Oaks Trailer Park, Inc. ("Defendant") acted negligently by failing to properly inspect, maintain, and remove trees on its property, creating an unsafe condition.[1] Plaintiffs assert that Defendant's negligence proximately caused the accident.[2] The complaint requests general and special damages for physical and mental injury, property damage, and loss of consortium in an amount to be determined by the jury.[3]

---

[1] Compl. ¶ 5.
[2] *Id.*
[3] *Id.* ¶ 9.

2

Plaintiffs identified their medical experts in a disclosure on December 18, 2018.[4] Defendant now moves to exclude the testimony of Plaintiffs' medical expert witnesses Dr. Nicole Gable, Dr. Steven Grinder,[5] Allegra Hamman, and Jacqueline Blair. Concurrently, Defendant moves for summary judgment. For the following reasons, Defendant's Motion in Limine to Exclude the Expert Testimony is **DENIED** and Defendant's Motion for Summary Judgment is **DENIED.**

## Parties' Assertions

On May 20, 2019, Defendant filed a Motion in Limine to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman, and Jacqueline Blair, arguing that Plaintiffs failed to comply with the Trial Scheduling Order by not providing Defendant with the experts' reports.[6] Defendant argues that the "treatment notes" provided by Plaintiffs did not contain the experts' opinion on the cause of Plaintiffs' injuries and thus, do not constitute expert reports.[7] Defendant asks the Court to exclude Plaintiffs' medical experts' testimony.[8]

---

[4] Def.'s Mot. in Lim. to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair Ex. A.
[5] Filings by Plaintiffs and Defendant refer to this individual as "Dr. Steven Grinder." This is error; his name is Dr. Steven Ginder. For the sake of consistency, however, this Court will use the incorrect spelling when referring to Plaintiffs' and Defendant's filings.
[6] Def.'s Mot. in Lim. to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair ¶ 15.
[7] *Id.* ¶¶ 6–15.
[8] *Id.* ¶ 16.

On May 20, 2019, Defendant also filed a Motion for Summary Judgment arguing that Plaintiffs cannot establish causation, a *prima facie* element of their claim, without the medical experts' testimony.[9]

On June 14, 2019, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment and Defendant's Motion in Limine to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman, and Jacqueline Blair, arguing that their disclosures comply with the requirements of the Trial Scheduling Order.[10] Plaintiffs contend that medical records suffice as expert reports and ask the Court to deny Defendant's Motion in Limine and Motion for Summary Judgment.[11]

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[12] The moving party bears the initial burden of showing that no material issues of fact are present.[13] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that

---

[9] Def.'s Big Oaks Trailer Park Inc.'s Mot. for Summ. J. ¶¶ 7–20.
[10] Pls.' Resp. to Def.'s Mot. for Summ. J. and Def.'s Mot. in Limine to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair ¶¶ 8–10.
[11] *Id.* ¶¶ 8–10.
[12] Super. Ct. Civ. R. 56(c); *Buckhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[13] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

4

there are material issues of fact in dispute.[14]  In considering a motion for summary

judgment, the Court must view the record in a light most favorable to the non-

moving party.[15]  The Court will not grant summary judgment if it seems desirable to

inquire more thoroughly into the facts in order to clarify the application of the law.[16]

### Discussion

**A. Defendant's Motion in Limine**

Pursuant to Delaware Superior Court Rule 26(b)(4)(A)(i):

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.[17]

It was thus within the Defendant's right to request expert reports from the

Plaintiffs' medical experts.[18]  Although the Trial Scheduling Order originally

required Plaintiffs disclose and submit their expert reports to Defendant by August

---

[14] *Id.* at 681.

[15] *Buckhart*, 602 A.2d at 59.

[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Apr. 26, 2006).

[17] Super. Ct. Civ. R. 26(b)(4)(A)(i).

[18] *Id.* ("[T]o state the substance of the facts and opinions to which the expert is expected to testify . . . .").

5

20, 2018, multiple stipulations by the parties moved the deadline to December 17, 2018.[19] Plaintiffs failed to comply with the terms of the Trial Scheduling Order.

First, Plaintiffs identified their medical experts on December 18, 2018, one day after the deadline.[20] Pursuant to Rule 16 of the Delaware Rules of Civil Procedure, parties must adhere to the Trial Scheduling Order.[21] Defendant, however, has not raised Plaintiffs' failure to meet the deadline in its Motion in Limine or its Motion for Summary Judgment; thus, the Court considers this argument waived.[22]

Second, Plaintiffs did not provide Defendant with reports from these medical experts by the deadline or anytime thereafter. Plaintiffs contend that they complied with the requirements of the Trial Scheduling Order because they provided Defendant with the medical records from these expert witnesses.[23] Plaintiffs' rely on this Court's decision in *Diaz v. Malarkey*, which found an "Office Note" written by the plaintiff's medical expert was an expert report.[24] This Court's decision in

---

[19] Trial Scheduling Order, Mar. 12, 2018; Stipulation to Extend Expert Deadlines Order, Aug. 29, 2018; Stipulation to Extend Expert Deadlines Order, Oct. 26, 2018.

[20] Def.'s Mot. in Lim. to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair Ex. A.

[21] *Abdallah v. Rago*, 2016 WL 6246891, at *3 (Del. Super. Oct. 24, 2016).

[22] Super. Ct. Civ. R. 16(b)(5)(iii).

[23] Pls.' Resp. to Def.'s Mot. for Summ. J. and Def.'s Mot. in Limine to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair ¶¶ 5–10.

[24] *Id.* ¶ 9 (citing *Diaz v. Malarkey*, 2015 WL 3508064, at *1 (Del. Super. June 3, 2015)).

*Diaz* is not controlling in the instant case. In *Diaz*, this Court found that the Office Note contained the opinion of the plaintiff's medical expert.[25] Contrary to Plaintiffs' assertion,[26] the medical records provided here do not contain the experts' opinions regarding the cause of Plaintiffs' injuries.[27] The disclosures in the instant case are unlike the document disclosed in *Diaz*; therefore, this Court is not bound by its holding in *Diaz*.

Further, medical records are not expert reports.[28] Instead of providing expert reports, Plaintiffs disclosed the medical records kept by each of their identified medical experts and stated that each expert would testify consistent with that record. The records which Plaintiffs disclosed are medical records, not expert reports.[29]

---

[25] *Diaz*, 2015 WL 3508064, at *1 ("Attached to Plaintiff Diaz's opposition to Defendant's motion, is a document entitled 'Office Note,' wherein Dr. Sowa *opines* on Plaintiff Diaz's medical condition." (emphasis added)).

[26] Pls.' Resp. to Def.'s Mot. for Summ. J. and Def.'s Mot. in Limine to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair ¶ 8.

[27] *Id.* Ex. C (medical record from Dr. Ginder), Ex. D (medical record from Allegra Hamman), Ex. E (medical record from Dr. Gable), Ex. F (medical record from Jacqueline Blair).

[28] *Hill v. DuShuttle*, 58 A.3d 403, 406 (Del. 2013) ("Whether it would provide more information or not, a formal report is required under the rules and the trial court ordered that a report be produced."); *Drejka v. Hitchens Tire Service*, 15 A.3d 1221, 1223 (Del. 2010) (finding that the trial court properly rejected the argument that the production of medical records constituted compliance with the Trial Scheduling Order).

[29] *See Hill*, 58 A.3d at 406; *Drejka*, 15 A.3d at 1223.

Despite Plaintiffs' failure to comply with the Trial Scheduling Order, Defendant's Motion in Limine is **DENIED**. Although a party's failure to obey a scheduling order permits the court to impose appropriate sanctions, the court "does not have unfettered discretion to sanction a party by dismissing the case."[30] When determining the appropriate sanction for a failure to comply with a Trial Scheduling Order, the Court examines the *Drejka* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[31]

Taking into account the *Drejka* factors, the Court finds that a monetary sanction against Plaintiffs' counsel would be a more effective remedy than dismissal of Plaintiffs' claim. Although Plaintiffs failed to comply with the Trial Scheduling Order, Defendant also failed to move to compel submission of these expert reports.[32] Neither party appears to have acted in bad faith, nor would Defendant be prejudiced

---

[30] *Abdallah v. Rago*, 2016 WL 6246891, at \*3 (Del. Super. Oct. 24, 2016) (citing *Drejka* 15 A.3d at 1223).

[31] *Drejka*, 15 A.3d at 1224.

[32] Defendant's failure to file a motion to compel submission of these medical reports weakens its argument that Plaintiffs' actions render "Defendant defenseless against Plaintiff's claims." Def.'s Mot. in Lim. to Exclude the Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman and Jacqueline Blair ¶ 25.

8

by permitting Plaintiffs to submit the reports of their medical experts at this time. Therefore, dismissing Plaintiffs' claims because of counsel's failure to comply with the Trial Scheduling Order is a broader remedy than is required.

As the Delaware Supreme Court has recognized, it is not uncommon for litigants to disregard Scheduling Orders. "The Superior Court Rules recognize this problem and provide what is likely to be the most effective sanction—monetary penalties to be paid by the attorneys, not their clients."[33] Plaintiffs' counsel's failure to comply with the requirements of the Trial Scheduling Order jeopardized Plaintiffs' case. Therefore, Plaintiffs' counsel's actions warrant imposing monetary sanctions on Plaintiffs' counsel in the amount of $900.00.

## B. Defendant's Motion for Summary Judgment

The outcome of Defendant's Motion for Summary Judgment turns on this Court's decision on the Defendant's Motion in Limine to Exclude Expert Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman, and Jacqueline Blair.[34] This Court has DENIED that Motion in Limine. Defendant has not presented any other arguments in support of its Motion for Summary Judgment demonstrating any

---

[33] *Drejka*, 15 A.3d at 1224.

[34] Def.'s Big Oaks Trailer Park Inc.'s Mot. for Summ. J. ¶¶ 7–13 (arguing that Plaintiffs' *prima facie* case requires testimony from medical experts to establish causation).

additional basis for how else it is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

## Conclusion

For the forgoing reasons, Defendant's Motion in Limine to Exclude Expert Testimony of Dr. Nicole Gable, Dr. Steven Grinder, Allegra Hamman, and Jacqueline Blair is **DENIED**, and Defendant's Motion for Summary Judgment is **DENIED**. It is also hereby **ORDERED**:

1. Plaintiffs must provide Defendant with the expert reports from their medical experts by October 4, 2019.

2. Plaintiffs' counsel shall pay a sanction to Defendant's counsel in the amount of $900.00 on or before October 4, 2019.

_____

Judge Calvin L. Scott, Jr.