# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VINEY SETYA,  )
    Plaintiff,  )
        )
v.  )  C.A. No. N18C-05-155 ALR
        )
CHRISTINA PETITTO,  )
    Defendant.  )

Submitted: April 8, 2020
Decided: May 4, 2020

*Upon Plaintiff's Motion in Limine to Exclude
Reference to Plaintiff's Gross Earnings*
**DENIED**

*Upon Defendant's Motion in Limine to Exclude the Testimony of Doctors
Jeffrey Soulen and Thomas Ghiorzi or, in the Alternative, to Compel Production
of Expert Reports*
**GRANTED in part; DENIED in part**

*Upon Defendant's Unopposed Motion in Limine to Exclude Plaintiff from
Offering Expert Testimony and/or Expert Opinions*
**GRANTED**

*Upon Defendant's Motion for Partial Summary Judgment for
Plaintiff's Lost Wages Claim*
**DENIED**

## MEMORANDUM OPINION

Sean P. Gambogi, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, Newark, Delaware, Attorney for Plaintiff.

Matthew R. Hindley, Esquire, Reger, Rizzo & Darnall, LLP, Wilmington, Delaware, Attorney for Defendant.

**Rocanelli, J.**

On August 7, 2016, Plaintiff Viney Setya was rear-ended by Defendant Christina Petitto on Route 1 North, near the intersection of Route 9 in Lewes, Delaware. It was not just another day at the beach—or even at the outlets. Rather, it was a day that culminated in this civil lawsuit pending in New Castle County.

Plaintiff is a surgeon claiming lost wages and other damages resulting from this motor vehicle accident. As the parties prepare for a trial scheduled to begin on July 29, 2020, they have filed several motions to exclude certain evidence and to limit the claims presented to the jury.

Several of the pending motions address Plaintiff's lost wages claim. Plaintiff proposes to present the jury with his claim for lost wages, but he does not want the jury to know how much money he makes. Defendant claims the total earnings are a necessary context for the lost wages claim. Defendant also challenges whether Plaintiff's receipt of a salary draw means he has not lost wages at all.

In addition, the parties dispute the breadth and scope of required expert disclosures pursuant to Superior Court Rule of Civil Procedure 26(b)(4). Defendant claims that expert reports are required and seeks to preclude the testimony of Plaintiff's expert witnesses unless expert reports are produced. Plaintiff contends that his expert disclosures satisfy Rule 26(b)(4).

1

## PLAINTTIFF'S CLAIMED INJURIES

Following the motor vehicle accident, Plaintiff received medical treatment for anxiety from his primary care physician, Dr. Thomas Ghiorzi, who has been identified as one of Plaintiff's two expert witnesses. According to Dr. Ghiorzi, Plaintiff's anxiety was caused by the motor vehicle accident. Plaintiff also received treatment for anxiety from Dr. Jeffrey Soulen, a board-certified psychiatrist identified by Plaintiff as the second of two expert witnesses for trial. In the months following the August 2016 accident, between September and December 2016, in addition to treating Plaintiff for anxiety, Dr. Ghiorzi treated Plaintiff for symptoms "consistent with/suggestive of walking pneumonia."[1] Later, "in hindsight," Dr. Ghiorzi concluded Plaintiff "had a severe viral pneumonia" which "was likely initiated and exacerbated by the fatigue, severe anxiety and lack of sleep triggered by the car accident."[2]

Plaintiff claims that it was necessary for him to reduce his workload in the months after the accident, resulting in a lost wages claim for 2016. Plaintiff acknowledges he actually received his full salary by way of a draw but claims that he owes $57,500 to his employer because he did not actually bill enough to justify

---

[1] Def.'s Mot. Lim. Exclude Test. Doctors Jeffrey Soulen and Thomas Ghiorzi Ex. A, at 8.
[2] Def.'s Mot. Lim. Exclude Test. Doctors Jeffrey Soulen and Thomas Ghiorzi Ex. A, at 12.

what he was paid.  Plaintiff contends that this debt must be repaid, either by billing more in the future or, if not made up, being deducted from his retirement benefits.

## MOTIONS *IN LIMINE*

### 1. Plaintiff's Motion *in Limine* to Exclude Reference to Plaintiff's Gross Earnings

Plaintiff moves *in limine* to preclude evidence referencing Plaintiff's gross earnings.  Essentially Plaintiff does not want the jury to know how much money he makes which is, according to Plaintiff, a "significant salary" as a surgeon.  Defendant opposes this motion and contends that information regarding Plaintiff's salary is necessary for a jury to evaluate Plaintiff's lost wages claim.

Delaware Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[3]  The evidence of Plaintiff's total gross earnings is highly relevant[4] and substantially outweighs any unfair prejudice.  Plaintiff's annual earnings go to the heart of Plaintiff's lost wages claim—to prevail, Plaintiff must *prove* that he actually lost wages.  Accordingly, if Plaintiff chooses to present a claim

---

[3] D.R.E. 403.

[4] *See* D.R.E. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action.").

for lost earnings, that claim must be presented in the full context of Plaintiff's 2016 salary.[5]

## 2. Defendant's Motion *in Limine* to Exclude the Testimony of Dr. Soulen and Dr. Ghiorzi

The deadline for expert disclosures in this case was July 30, 2019.[6] By letter dated June 11, 2019, Plaintiff's counsel identified Dr. Soulen and Dr. Ghiorzi as medical experts and represented that the doctors would testify in accordance with "medical records" produced by Plaintiff. No additional documents or reports were provided.[7]

Citing *Hill v. DuShuttle*,[8] Defendant argues that expert witnesses in personal injury cases must prepare "expert reports." According to Defendant, Plaintiff's June 2019 letter and the accompanying records are inadequate to give notice of the

---

[5] Basically, Plaintiff wants to testify: "Trust me – this is how much money I lost." This approach is not only improper for the reasons mentioned here but it will result in a waste of time during jury deliberations. Assuming the jury reaches the question of damages and considers a lost wages claim, and even if the jury accepts Plaintiff's credibility as a witness, the jury will almost certainly ask for more information. Unless the jury is told how much money Plaintiff made in 2016, the jury will inevitably send a note asking, "How much money did Plaintiff make in 2016?" The lost wages claim simply does not make sense without context.

[6] Trial Scheduling Order, Dec. 10, 2018 (D.I. 19).

[7] Defendant's counsel sent an e-mail to Plaintiff's counsel requesting expert reports and/or affidavits on March 7, 2020. Plaintiff's counsel responded by re-sending the June 2019 letter and accompanying medical records. *See* Def.'s Mot. Lim. Exclude Test. Doctors Jeffrey Soulen and Thomas Ghiorzi Ex. B.

[8] 58 A.3d 403 (Del. 2013).

4

opinions of these experts and, unless expert *reports* are produced, neither Dr. Soulen nor Dr. Ghiorzi should be permitted to testify.

Defendant misconstrues the import of *Hill*. Indeed, subsequent decisional law expressly rejects Defendant's reading of this precedent. "Given cases that postdate *Hill*, it does not stand that the Supreme Court meant to impose a requirement . . . that an expert *must* author a formal report in all instances . . . ."[9] Instead, the parties' disclosure obligations are governed by the Trial Scheduling Order[10] and Superior Court Rule of Civil Procedure 26(b)(4)(A), which requires disclosure of each expert's identity, the opinions of each expert, and the bases for those opinions.[11] Medical notes may suffice when the information contained therein satisfies the requirements of Rule 26(b)(4)(A) and provides the other side with "adequate notice of the expert's expected testimony."[12]

Dr. Ghiorzi's medical notes, together with the June 2019 letter, satisfy the requirements of Rule 26(b)(4)(A). The letter identifies Dr. Ghiorzi as an expert witness, and the medical notes provide Defendant with notice of Dr. Ghiorzi's

---

[9] *Winn v. Clements*, 2017 WL 780878, at *3 (Del. Super. Feb. 27, 2017) (emphasis added).

[10] *See* Super. Ct. Civ. R. 16(b)(5).

[11] Super. Ct. Civ. R. 26(b)(4)(A)(i) ("A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substances of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.").

[12] *Winn*, 2017 WL 780878, at *4.

opinions and the bases for those opinions. Accordingly, Dr. Ghiorzi may testify but his opinion must be limited to the information contained within the four corners of the medical notes provided.[13] Choosing not to produce an expert report is a strategy decision—some may say a calculated risk—permitted by Rule 26(b)(4)(A).[14]

Dr. Soulen's medical records, on the other hand, do not provide the necessary disclosure to support an expert opinion for presentation at trial. Instead, Dr. Soulen's records merely state the fact that "[a] diagnosis of Other Specified Anxiety . . . with features of both specific (driving) phobia and post-traumatic stress disorder (PTSD) was made."[15] The minimal disclosure provided here by Plaintiff is insufficient.[16]

Nevertheless, exclusion of Dr. Soulen's testimony because of this inadequate disclosure would be too harsh.[17] Therefore, if Plaintiff wants to present Dr. Soulen

---

[13] *See Diaz v. Malarkey*, 2015 WL 3508064, at *1 (Del. Super. June 3, 2015) ("As it presently stands, however, [the doctor's] "Office Note" suffices as a necessary report, the four corners of which limit his testimony.").

[14] The Court appreciates there is a significant expense associated with preparation of expert reports.

[15] Def.'s Mot. Lim. Exclude Test. Doctors Jeffrey Soulen and Thomas Ghiorzi Ex. A, at 2.

[16] Plaintiff's counsel, having recently been sanctioned by this Court for not providing adequate expert disclosures by the deadline set by this Court, had been put on notice of the limitations of this strategy such that, even if Rule 26(b)(4)(A) does not *require* expert reports, a party is required to abide by the deadlines set by this Court in accordance with the Superior Court Rules of Civil Procedure. *See Stephenson v. Big Oaks Trailer Park, Inc.*, 2019 WL 4273809, at *3–4 (Del. Super. Sept. 10, 2019).

[17] *See id.* at *3 (declining to grant dismissal for counsel's failure to comply with the Trial Scheduling Order because, in part, the opposing party failed to move to compel the required disclosures).

as an expert at trial, then Plaintiff must supplement his expert disclosures for Dr. Soulen within two weeks of this decision. The timing of the supplemental disclosure should allow adequate time for Defendant to prepare for trial but, if it does not, Defendant may request a continuance of the trial date.

### 3. Defendant's Unopposed Motion *in Limine* to Exclude Plaintiff from Offering Expert Testimony and/or Expert Opinions

The parties agree that Plaintiff, who is himself a physician as already noted, may not offer expert testimony at trial. Accordingly, Plaintiff may not offer any medical opinions or expert testimony at trial.

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[18] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[19] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[20] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the

---

[18] Super. Ct. Civ. R. 56(c).
[19] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[20] *Id.*

7

non-moving party."[21]  Summary judgment is only appropriate if Plaintiffs' claims lack evidentiary support such that no reasonable jury could find in Plaintiffs' favor.[22]

Defendant seeks partial summary judgment as to Plaintiff's lost wages claim, arguing that Defendant cannot prove actual lost wages, as a matter of law, because Plaintiff received his full salary for 2016.  Defendant argues that the $57,500 does not amount to a "loss" because Plaintiff can repay the debt to his employer before his retirement.

While Plaintiff may have received his full salary for 2016, record evidence shows that Plaintiff's "reduced billings . . . from Sept[ember] of 2016, through December of 2016 resulted in a reduction of [Plaintiff's] income of approximately $57,500."[23]  This is an issue of material fact for the jury's consideration.  Moreover, Defendant has not provided any relevant authority to support her position that, as a matter of law, Plaintiff may not present the balance sheet debt as a lost wages

---

[21] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[22] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

[23] Def.'s Mot. Partial Summ. J. Preclude Pl.'s Lost Wages Claim Ex. A.

claim.[24]  Accordingly, Defendant has not met the initial burden for purposes of summary judgment.[25]

**CONCLUSION**

**NOW, THEREFORE, this 4th day of May 2020:**

1.      Plaintiff's motion *in limine* to exclude reference to Plaintiff's gross earnings is hereby DENIED.

2.      Defendant's motion *in limine* to exclude the testimony of Dr. Soulen and Dr. Ghiorzi or, in the alternative, to compel production of expert reports is hereby GRANTED in part and DENIED in part.  Dr. Ghiorzi's medical notes, together with the June 2019 letter, satisfy the requirements of Rule 26(b)(4)(A).  Consistent with Superior Court Rule of Civil Procedure 26(b)(4)(A), Plaintiff shall provide expert disclosures for Dr. Soulen within two weeks of this decision.  If the disclosures are such that Defendant needs more time to prepare for trial, Defendant may request postponement of the July 29, 2020 trial date.

---

[24] Plaintiff relies on the standard set forth in *Casson v. Nationwide Insurance Company*, 455 A.2d 361, 366 (Del. Super. 1982), arguing that lost wages sought must be reasonable and necessary.  *Casson* does not apply to this case.  The Court in *Casson* examined an insured's claim against an insurance company for damages arising from a breach of an automobile insurance contract.  *See id.* at 363.  The Court's "reasonable and necessary" analysis was governed, in part, by a statute that is not applicable here.  *See id.* at 365–66.
[25] *See Moore*, 405 A.2d at 680.

3. Defendant's unopposed motion *in limine* to exclude Plaintiff from offering expert testimony and/or expert opinions is hereby GRANTED.

4. Defendant's motion for partial summary judgment to preclude Plaintiff's lost wages claim is hereby DENIED.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

The Honorable Andrea L. Rocanelli